IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SANDRA M. RAMSEY                                              PLAINTIFF

v.                                            CIVIL ACTION NO. 3:21-CV-81-SA-JMV

DR. VANCE TUTOR                                              DEFENDANT

ORDER AND MEMORANDUM OPINION

On April 15, 2021, Sandra M. Ramsey commenced this action by filing her Complaint [1]

against Dr. Vance Tutor. On May 19, 2021, Tutor filed a Motion to Dismiss [6], asserting that

Ramsey's Complaint [1] should be dismissed for failure to state a claim. The Motion [6] has been

fully briefed. Having reviewed the filings and the relevant authorities, the Court is prepared to rule.

*Factual and Procedural Background*

Ramsey is a former employee of Smith & Tutor, PLLC. She alleges that she worked at

Smith & Tutor's Southaven, Mississippi location for twelve years prior to her termination on or

about January 28, 2021. Ramsey served as the Office Manager at the time of her termination.[1]

Tutor is an owner of Smith & Tutor, having purchased an interest in the LLC in January

2020. Ramsey alleges that Tutor was responsible for her termination and that he was the one who

notified her of her discharge. Ramsey further avers that Tutor harbored animosity toward patients

and workers in general. Specifically, Ramsey's Complaint [1] alleges:

> Defendant entertained malice and ill will toward patients and
> workers, in general. Defendant, however, was particularly harsh and
> unforgiving toward older employees. Each time an older employee
> either quit or was fired because of Defendant's misconduct, that
> person would be replaced by a much younger employee.
>
> Defendant made work conditions onerous by mistreating both
> patient and employees. Defendant slapped one (1) patient. The

---

[1] In its Answer [5], Tutor denies that Ramsey's title was Office Manager and states that she was an Office
Coordinator.

> workday was filled with profanity and baseless claims of poor work performance.
>
> On or about January 28, 2021, Defendant notified Plaintiff that she was discharged from her employment. Defendant stated falsely that Plaintiff was not doing her job. Defendant replaced Plaintiff with a subordinate employee, who was thirty-eight (38) years old and incapable of doing the job she had previously been doing, let alone the job of office manager. This replacement was known for the number of her errors. It is impossible that Defendant thought the replacement could perform Plaintiff's job. Nothing had happened that could have caused Plaintiff to be fired, since she was an excellent employee. Defendant fired Plaintiff out of malice and ill will and not for any legitimate work-related reason.

[1] at p. 2-3.

Ramsey has asserted against Tutor a state law claim for intentional interference with an at-will employment relationship. Tutor contends that Ramsey has failed to state a claim and that the Complaint [1] should therefore be dismissed.

*Dismissal Standard*

"Motion to dismiss pursuant to Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 637 (N.D. Miss. Sept. 11, 2013) (quoting *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012)) (additional citation omitted). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)); *see also Hayes v. Wong*, 2017 WL 4228223, at *4 (N.D. Miss. Sept. 22, 2017) (quoting *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002)) ("Under Rule 12(b)(6), 'the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'").

"However, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so.'" *Hayes*, 2017 WL 4228223 at *4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Importantly, "[i]n a Rule 12(b)(6) determination, the court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible." *Jones*, 971 F. Supp. 2d at 637-38 (citations omitted).

*Analysis and Discussion*

"The Mississippi Supreme Court has held that tortious interference with at-will contracts of employment is a viable claim." *Watkins v. Oakes*, 318 So.3d 1125, 1129 (Miss. Ct. App. 2020) (citing *Levens v. Campbell*, 733 So.2d 753, 760 (Miss. 1999)). "An action for tortious interference with a contract ordinarily lies when a party maliciously interferes with a valid and enforceable contract, causing one party not to perform and resulting in injury to the other contracting party." *Id*. (quoting *Levens*, 733 So.2d at 760). To prevail on a tortious interference claim, a plaintiff must prove the following elements:

> (1) intentional and willful acts, (2) calculated to cause damage to the plaintiff in his lawful business, (3) done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice), and (4) resulting in actual damage or loss.

*Grice v. FedEx Ground Package Sys. Inc.*, 925 So.2d 907, 910 (Miss. Ct. App. 2006).

In his Motion [6], Tutor contends that, as an owner of Smith & Tutor, he was not a third party to the employment relationship and therefore cannot be held liable for tortious interference. In other words, he states that he "could not be acting in a way to interfere with his principal, as he is considered the principal in this situation." [7] at p. 3. Next, Tutor argues that, even if he could

potentially be held liable, he occupied a position of responsibility and was privileged to interfere with Ramsey's employment.

The Court turns first to Tutor's contention that he cannot be held liable for tortious interference with the employment relationship because he was an owner of Smith & Tutor—Ramsey's employer. This argument devolves from the principle that "[a] party to a contract cannot be liable for tortious interference with the same contract. Only a party independent of the contract can cause another to breach a contract." *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So.2d 1093, 1098 n. 3 (Miss. 2005) (citing *Par Industries, Inc. v. Target Container Corp.*, 708 So.2d 44, 48 (Miss. 1998)). In response, Ramsey contends that Smith & Tutor, a professional limited liability company, was her employer and that it is a legal entity separate and distinct from its members. She cites various statutory authority, case law, and secondary sources to support this general proposition. She then avers that "[b]ecause Defendant is a separate legal entity from the professional limited liability company, of which he is a member, he is subject to suit for the tort of intentional interference with employment." [13] at p. 2.

While cognizant of Tutor's position, the Court notes that he has not cited any authority indicating members of an employer LLC are wholly insulated from a tortious interference with employment claim solely due to their LLC membership. At this stage in the proceedings, the Court is not prepared to find, as a matter of law, that Tutor was a party to the contract such that he cannot be liable for tortious interference with at-will employment. Currently, the Court does not know the extent of Tutor's ownership interest, the way employment decisions are made within the LLC, or anything else about the LLC. The Court finds, at least for purposes of this stage in the proceedings, that Tutor is not entitled to judgment as a matter of law on this point.

The Court looks next to Tutor's contention that he was privileged to interfere with Ramsey's employment. "One occupying a position of responsibility on behalf of another is privileged to interfere with his principal's contractual relationship with a third person, as long as [he] is acting within the scope of that responsibility and absent bad faith." *Jones v. Mullen*, 100 So.3d 490, 497-98 (Miss. Ct. App. 2012) (quoting *Shaw v. Burchfield*, 481 So.2d 247, 254-55 (Miss. 1985)) (internal quotation marks omitted); *see also Jones v. Gulf Coast Restaurant Group Inc.*, 2021 WL 232127, at *5 (S.D. Miss. Jan. 22, 2021). In other words, the privilege only applies when the superior is acting "within the scope of that responsibility and absent bad faith." *Dearman v. Stone Cnty. Sch. Dist.*, 2014 WL 1153068, at *8 (S.D. Miss. Mar. 21, 2014).

Ramsey contends that Tutor was not acting in good faith and that the privilege is therefore inapplicable. On the other hand, Tutor argues that Ramsey has not pled facts sufficient to support bad faith.

In her Complaint [1], Ramsey alleges that she "always received excellent evaluations and had received a performance-based raise almost immediately before Defendant terminated her." [1] at p. 2. She also alleges that Tutor "entertained malice and ill will towards patients and workers, in general," that he "was particularly harsh and unforgiving toward older employees," and that "[t]he workday was filled with profanity and baseless claims of poor work performance." *Id*. As to her termination, Ramsey contends that Tutor falsely claims that she was not doing her job and replaced her with a younger, subordinate employee who had a reputation for making errors. *Id*. at p. 2-3.

The Court again notes that, at this stage in the proceedings, its function is not to determine whether Ramsey has come forward with evidence sufficient to support her claim but, rather, whether she has stated a legally cognizable claim that is plausible. *Jones*, 971 F. Supp. 2d at 637-

38 (citations omitted). Taking all her allegations as true, the Court finds that Ramsey has met this standard. Ramsey contends that she was subjected to baseless claims of poor work performance, was further subjected to an atmosphere where her superior utilized profanity and was unforgiving toward employees because of their age, and was ultimately terminated and replaced by a younger, subordinate employee with a reputation for poor work performance—all of which happened shortly after she received a pay raise for strong performance reviews. The Court finds that these allegations are sufficient to survive Rule 12(b)(6) dismissal, particularly when considering that such dismissals are disfavored and rarely granted. *See Cedarview Mart, LLC v. State Auto Prop. and Cas. Ins. Co.*, 2021 WL 1206597, at *2 (N.D. Miss. Mar. 30, 2021) (quoting *Lormand v. U.S. Unwired, Inc.*, 565 F.2d 228, 232-33 (5th Cir. 2009)) ("Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."). Ramsey will be permitted to proceed on her claim.

*Conclusion*

For the reasons set forth above, dismissal for failure to state a claim is not appropriate. Tutor's Motion to Dismiss [6] is DENIED.

SO ORDERED, this the 24th day of November, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE